UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WILLIAM ROSE,

        Plaintiff,

        v.

DIANE THEWS, et al.,

        Defendants.

CAUSE NO. 3:22-CV-287-RLM-MGG

<u>OPINION AND ORDER</u>

William Rose, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983 and a motion for injunctive relief. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. A filing by an unrepresented party "is to be liberally construed, and a *pro se* complaint, however, inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Rose's complaint is vague, confusing, and barely legible. He alleges that on September 3, 2020, he thought he was having a heart attack but then discovered he had been shot and his body had been "bl[own] up." ECF 1 at 2. He alleges he wants more medical care for his stomach, intestines, tailbone, back, and feet, that he has a painful back and that he needs surgery. ECF 3 at 1-2. He doesn't describe what care

he has received, what care he has requested, when or from whom he requested the care, or why he believes he needs additional care for any of these conditions. Mr. Rose thinks there is somehow some sort of object still in his body that needs to be removed. ECF 1 at 3. He next seems to assert he was assaulted, but it'ss not clear if he is alleging that inmates or a prison officer assaulted him or how he was injured. *Id.* at 2. Mr. Rose also claims Officer Taylor Ruiz tried to have him killed but he has not named Officer Ruiz as a defendant in this case. In fact, Mr. Rose has listed eight defendants in the caption of his case but doesn't mention all of the defendants in his complaint. He also asserts that his sovereign records and bonds were stolen from the records office in the basement of the prison's internal affairs office, but he hasn't explained which defendant is responsible for this, when it occurred, or how this act violates the Constitution. *Id.* at 3. *See* United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) (courts have repeatedly characterized sovereign citizen theories as legally frivolous and having no conceivable validity). Mr. Rose asserts that Officer Idota and other officers are trying to kill him for a parcel of land he purchased between Mishawaka and South Bend, Indiana. ECF 1-1 at 2. He doesn't say why he believes Officer Idota and the other officers are trying to kill him or how killing him would allow the officers to obtain a parcel of land that he owns. In sum, Mr. Rose's allegations are deficient because he hasn't explained what each of the eight defendants he named in his complaint did that violated his constitutional rights.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A

claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." Iqbal, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." Swanson v. Citibank, N.A., 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

While Mr. Rose's complaint doesn't state a claim, the court will give him a chance to replead, if after reviewing this order, he believes he can state a claim. Luevano v. WalMart Stores, Inc., 722 F.3d 1014, 1022-23, 1025 (7th Cir. 2013); Loubser v. Thacker, 440 F.3d 439, 443 (7th Cir. 2006). Any amended complaint should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible. Mr. Rose should not refer generally to a defendant or the defendants; he should include their name every time he refers to them so that it is clear which defendant or defendants he is referencing. Mr. Rose must link his

allegations to specific dates (or estimated timeframes) because the court can't properly assess his claims without the dates (or estimated timeframes) of the alleged incidents.

Mr. Rose has also filed a motion for injunctive relief. Because his complaint does not state a claim, the motion will be denied.

For these reasons, the court:

(1) DENIES William Rose's motion for injunctive relief (ECF 3);

(2) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint Pro Se 14 (INND Rev. 2/20) and send it to William Rose;

(3) GRANTS William Rose until **June 17, 2022**, to file an amended complaint on that form; and

(4) CAUTIONS William Rose that if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim.

SO ORDERED on May 23, 2022.

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT