UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLIAM ROSE, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:22CV287-PPS/MGG |
| DIANE THEWS, et al., | |
| Defendants. | |

OPINION AND ORDER

I inherited this case from Senior Judge Robert L. Miller, Jr., when he retired. ECF 20. Before me is the amended complaint filed by William Rose, a prisoner without a lawyer. ECF 18. Judge Miller had Rose file an amended complaint because his original was "vague, confusing, and barely legible." ECF 6 at 1. Frankly, despite Rose taking more than a year to file it, the amended complaint is not much better. With the amended complaint, Rose also filed a five-page document titled:

> Sovereigns Memorandum for Acceptance Value I, William J. Rose, DOC # 885833, William J. Rose-el, Aboriginal Indigenous Natural Man of North West America Transmitting Utility Vessel in Commerce Private Trust Instrument Notice UCC Notorious Public Notice Jurisdiction.

ECF 19. In it, Rose presents Sovereign Citizen theories which courts have repeatedly characterized as legally frivolous and having no conceivable validity. *See United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) (collecting cases). I must liberally construe Rose's complaint, but there is no need to give further consideration to his "Sovereigns Memorandum." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 1915A, I

must review the merits of his amended prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Rose alleges that, on September 3, 2020, when he was urinating in the restroom of D-Cell House after lunch, he felt like he was having "heart burns" which escalated into what he thought was a heart attack. ECF 18 at 2. His body then hit the floor and felt like it had blown up. *Id*. Rose's chest felt heavy, he could not breathe, and he felt like he was being choked into unconsciousness. *Id*. Rose does not allege anyone caused these things to happen or that anyone was even around when they did. None of this states a legal claim for relief against any defendant.

Rose says that at some undefined later time, he regained consciousness in his cell, before Ofc. Taylor Ruiz, Sgt. Jeremiah Stone, and another officer unlocked his cell door and let inmates Michael Whitner, Robert Lee Weaver, and one other into his cell. ECF 18 at 2. He says the reason they did was because his brother died at the end of August 2020. *Id*. at 3. Rose states he and Ofc. Ruiz argued and she told Sgt. Stone she would give him oral sex if he got Rose off the phone while he was planning his brother's funeral. *Id*. He alleges Ofc. Ruiz and Sgt. Stone ordered the inmates in his cell to "kill that nigga," which is when inmate Whitner pulled out a gold chain with handcuffs and rolled him over onto his stomach. *Id*. at 4. Inmate Weaver and another inmate helped lift Rose to the foot of his bed on his knees as Weaver pressed the tip of his knife to Rose's throat while pushing Rose's body forward onto the knife and then pulled out a syringe "shooting [Rose] in [his] cerebellum." *Id*. The cerebellum is the part

of the brain at the base of the scull. At that point, Rose asserts that Weaver, Whitner, Sgt. Stone, and the other inmate started beating him and pulling off his sweatpants and boxer shorts. *Id*. He states they then held an object to his face that had lights and sound at which point he became sleepy. *Id*. Rose asserts that Weaver, Whitner, Sgt. Stone and the other inmate together lifted him into the air, slammed him backward while he was wearing handcuffs, stabbed him with ice picks, stomped on his back, and then sodomized him. *Id*.

Though not physically impossible, these allegations are simply too fantastic to be plausible. Rose says he was attacked by three inmates with gold chains, handcuffs, a knife, ice picks, a syringe containing an unknown substance, and an unknown electronic device that made him drowsy when applied to his face. He says they did this because a female guard was upset with him because his brother died and the guard did not want to hear him on the phone planning the funeral. A claim can be dismissed where "the facts alleged in the complaint are . . . unbelievable, even though there has been no evidentiary hearing to determine their truth or falsity." *Gladney v. Pendleton Correctional Facility*, 302 F.3d 773, 774 (7th Cir. 2002), *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

Rose asserts he woke up on the floor of his cell naked "on the next shift 6:00 pm-6:00 am." ECF 18 at 4. He states his back and right arm were injured during the attack and his "lumbar" was hurting and damaged visibly to the extent where he was unable to stand up "perpendicular." *Id*. at 3. He asserts he sought medical treatment from LPN Diane Thews "soon after even[t] of being found dead" and she told him he was

hallucinating. *Id*. Clearly, he was not found dead. Rose also asserts Case Manager Michael Marsh saw his injuries, but told him there was nothing wrong with him. Judge Miller explained to Rose that a complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). ECF 6 at 2. These allegations against LPN Thews do not plausibly allege that her response to him was "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that [she] actually did not base [her] decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Neither do they plausibly allege that Case Manager Marsh was deliberately indifferent to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994)

Rose asserts Warden Ron Neal and Cpt. Moses Itodo planted an object inside his body, but he provides no details about what, when, why, or how. ECF 18 at 3. Is this a physical possibility – yes. Is it the most fantastic claim he presents – also yes. Do I find that it plausibly states a claim – no.

Rose alleges he wrote to Commissioner Robert Carter and Warden Neal, but did not get a response back from them. There is no general supervisory liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). [P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id*. at 596. Defendants do not become liable merely because they received a letter to which they did not respond. *Id*. at 593. "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Rose alleges Case Manager Marsh lost his first civil complaint. ECF 18 at 3. He does not explain whether it was lost accidentally or deliberately. If accidentally, "[n]egligence on the part of an official does not violate the Constitution . . .." *Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004). If deliberately, "only if the defendants' conduct prejudices a potentially meritorious [claim] has the right [of access to the courts] been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). Here, Rose subsequently filed a complaint in this case and was not prejudiced by the loss of a previous one.

Rose began this case by filing a complaint that did not state a claim. Judge Miller granted him leave to file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Rose filed an amended complaint, but it does not state a claim either. In some cases, it would be appropriate to give him another try. This is not such a case.

ACCORDINGLY:

This case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on November 30, 2023.

                                                      /s/ Philip P. Simon
                                                     JUDGE
                                                   UNITED STATES DISTRICT COURT